## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| BONNIE LOCKLER, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CASE NUMBER: 1:21:cv-00469 |
| | § | |
| | § | |
| NATIONWIDE RECOVERY | § | |
| SYSTEMS, LTD., | § | |
| *Defendant* | § | DEMAND FOR JURY TRIAL |

### PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.  Bonnie Lockler ("Plaintiff" herein), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the Texas Debt Collection Act ("TDCA"), to obtain statutory and actual damages, and other relief for violations against Defendant, Nationwide Recovery Systems, LTD. ("Nationwide" or "Defendant" herein), and will show the Court as follows:

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, §1337(a), and pursuant to 28 U.S.C. §1367 to the extent Plaintiff alleges any state law claim(s).

3.  Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because Defendant transacts business in this district and has designated a registered agent for service in Austin, Texas.

## STANDING

4.  Plaintiff has suffered an injury in fact that is traceable to Nationwide's conduct and that is likely to be redressed by a favorable decision in this matter.

5.  Specifically, Plaintiff suffered a concrete economic injury to the extent that she has viable claims under Texas Debt Collection Act ("TDCA"), Chapter 392 of the Texas Finance Code, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. Plaintiff further suffered a concrete informational injury as a result of Defendant's failure to provide truthful information on Plaintiff's credit report in connection with an attempt to collect an alleged debt from Plaintiff.

## THE PARTIES

6.  Plaintiff, Bonnie Lockler, is an individual who resides in Texas.

7.  Defendant, Nationwide Recovery Systems, LTD, is a Texas Domestic Limited Partnership and may be served with process by serving its registered agent as follows:

> Corporation Service Company dba CSC - Lawyers Incorporating Service Company
> 211 E. 7th Street, Suite 620
> Austin, Texas 78701

## FACTUAL ALLEGATIONS

8.  Plaintiff is a "consumer" as that term is defined by §1692(a)(3) of the FDCPA and a "consumer" as that term is defined by § 392.001(1) of the TDCA.

9.   Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes: medical services allegedly owed to King Ranch Emergency Physicians, PLLC. ("alleged debt" herein). The alleged debt is thus both a "debt" as that term is defined at §1692(a)(5) of the FDCPA and a "consumer debt" as defined by the §392.001(2) of the TDCA.

10.   Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11.   The alleged debt was subsequently assigned and/or transferred to Nationwide for collection.

12.   Nationwide is in the business of collecting defaulted consumer debts originally owed to other entities. Nationwide is thus a "debt collector" as that term is defined at §1692(a)(6) of the FDCPA and a "third-party debt collector" as that term is defined at §392.001(7) of the TDCA.

13.   On or about February 8, 2021, Nationwide transmitted adverse information related to the alleged debt to Transunion which indicated an unpaid balance of $1957.00.

14.   On or about April 29, 2021 Plaintiff, by and through the undersigned counsel, notified Nationwide by letter that Plaintiff formally disputed the alleged debt as it was referenced on her credit report.

15.   On or about May 12, 2021, Nationwide sent an itemization of the alleged debt to Plaintiff at the undersigned's office, which confirmed a zero balance. Moreover, the itemization also contained a payment voucher that indicated that the amount owed is $0.00 (see Exhibit A incorporated by reference in this document that is partially redacted in accordance with FRCP 5.2).

16.  Plaintiff alleges that the transmission of credit reporting information by Nationwide to Transunion is a "communication" as that term is defined in 15 U.S.C. §1692(a)(2) and constitutes "debt collection" as that term is defined by § 392.001(5) of the TDCA.

17.  Plaintiff alleges that the sending by Nationwide of Exhibit A is a "communication" as that term is defined in 15 U.S.C. §1692(a)(2) and constitutes "debt collection" as that term is defined by § 392.001(5) of the TDCA.

18.  Nationwide regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692e

19.  Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

20.  15 U.S.C. § 1692(e) of the FDCPA provides in part as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(2) The false representation of—**
> **(A) the character, amount, or legal status of any debt;**
>
> **(8)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

4

21.  Plaintiff alleges that Nationwide violated 15 U.S.C. §1692(e)(2)(A) and (10) by stating that the alleged debt had an unpaid balance of $0.00 on the itemization and payment voucher, notwithstanding that it also reported $1957.00 to Transunion.

22.  Plaintiff further alleges that Nationwide violated 15 U.S.C. §1692(e)(8) when it reported a balance of $1957 to Transunion even though the provider indicated a zero balance.

23.  The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D. Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)). As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692k(b)).

24.  Plaintiff further alleges actual damages by virtue of damages to her credit report.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692f

25.  Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

26.  15 U.S.C. §1692f of the FDCPA provides as follows:

### UNFAIR PRACTICES

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

27.  Nationwide voluntarily elected to report adverse account information about Plaintiff to Plaintiff's credit bureaus with the apparent purpose of coercing Plaintiff to pay the underlying debt and to facilitate the collecting debts from Plaintiff and other consumers. Moreover, the sending of an itemization and payment voucher indicating a zero balance while also showing the same alleged debt as delinquent on her credit report is confusing and misleading.

28. The transmission by Nationwide of false information to the credit bureau constitutes unfair practices. Moreover, such practices are also unfair to "debt collectors who refrain from using abusive debt collection practices" to debtors who are competitively disadvantaged.

## COUNT III—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

29. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

30. Chapter 392, Section 304 of the Texas Finance Code provides as follows:

**FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

**(a) Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**

**(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**

**(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

31. Plaintiff alleges Nationwide violated the foregoing provisions of Chapter 392, Section 304 of the Texas Finance Code by the mailing of the itemization and payment voucher indicating a zero balance and by the transmission of false credit information to Transunion regarding the balance of the alleged debt.

32. Plaintiff alleges she has actual damages as a result of the foregoing violations.

## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

33.  Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction under the TDCA and FDCPA that orders Nationwide to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff.

## REQUEST FOR ATTORNEYS' FEES

34.  Plaintiff seeks reasonable attorneys' fees as per the FDCPA, TDCA, and any other statutory or common law basis.

## TRIAL BY JURY

35.  Plaintiff is entitled to and hereby demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Bonnie Lockler, respectfully prays that the Defendant, Nationwide Recovery Systems, LTD., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant as follows:

a. Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant, Nationwide Recovery Systems, LTD., to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff;

b. The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code § 392.403(a)(2) and § 392.403(e) and any other applicable provision;

c. The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code § 392.403(b);

d. The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C.

§1692(k)(a)(1) and (a)(2) and any other applicable provision;

e. The Court award Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C.

§1692(k)(a)(3) and any other applicable statute or legal basis;

f.   The Court award Plaintiff prejudgment and post judgment interest as allowed by law;

g.  The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.


Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080    Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Bonnie Lockler*